RAYMOND M. KETHLEDGE, Circuit Judge,
concurring in part and concurring in the judgment.
My only disagreement with the court’s opinion concerns its discussion of Gooch’s adequacy and typicality in parts II.B.4(a), (b), and (e) and II.B.6 of the majority opinion. For two reasons, I think that Gooch is an inadequate representative for any remnant of the certified class.
First, Gooch’s interests actually conflict with those of the class. Unlike virtually everyone else in the class, Gooch does not pay premiums for his policy. Meanwhile, if Life Investors must reimburse class members for medical expenses based on providers’ “list” prices (which virtually no one pays), rather than on the providers’ actual charges, then the premiums for classmembers who actually pay them are likely to increase dramatically. Gooch has no reason to care about that, which in my view makes him an inadequate representative of members who do.
Second, Gooch is not a credible representative of any remnant class. His deposition testimony regarding his finances is simply deceptive. Gooch testified that Social Security was his only source of income, that his wife chose to work overtime as a result of his medical expenses, that he and his wife owned one house, and that he and his wife owned one old car. It turns out that Gooch owns a business, that his wife never chose to work overtime, that he and his wife own another house, and that he and his wife own two newer cars in addition to the old one. These discrepancies do not reflect a “lack of insightf,]” Maj. Op. at 431; they reflect a lack of honesty.
I otherwise join the court’s thorough and well-reasoned opinion.